

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
06/14/2017

| | |
|---|---|
| IN RE: | § |
| | § |
| ALABAMA & DUNLAVY, LTD. | § CASE NO. 14-36527-H3-7 |
| | § |
| FLAT STONE II, LTD., | § CASE NO. 14-36528-H3-7 |
| | § |
| FLAT STONE, LTD., | § CASE NO. 14-36529-H3-7 |
| | § (Jointly administered under |
| Debtors. | § Case No 14-36527-H3-7) |

### ORDER APPROVING SALE/AUCTION PROCEDURES
[Ref. Dkt. No. 140 & 141]

The Court has considered the Trustee's Expedited Motion to Approve (i) Sale Procedure and Form of Notice; and (ii) Certain Bid Protections and Notice of Hearing (the "Motion") at a hearing on May 10, 2017. At the conclusion of the hearing, the Court denied the Motion with the procedures as presented but stated that a proposed order including additional sale procedures with respect to advertising and marketing would be considered. Accordingly, it is now:

ORDERED that the Trustee may proceed with an auction of the Debtor's real property and improvements located at 110 West 20th Street, Houston, Texas 77008 (the "Property") under the following procedures:

1.  On the first business day following entry of this Order, the Trustee may serve by first class mail a notice of auction, in the form of Exhibit A attached to this Order, to: (i) all potential purchasers of the Property previously identified or solicited by the Trustee during this bankruptcy case; (ii) all other potentially interested parties identified by the Trustee in his business judgment as a potential purchaser or broker for a potential purchaser (collectively, with the parties identified in (i)

      above, "Potential Purchasers"). Further, on the first business day following entry of this Order, the Trustee shall serve by first class mail a notice of auction, in the form of Exhibit A attached to this Order, to: (i) the Office of the United States Trustee; (ii) counsel for L2 or such other parties to which L2 has assigned its rights under the Sale Contract; (iii) all parties who are known to possess or assert a lien, claim, encumbrance or interest in or upon the Property; (iv) all applicable United States, state and local regulatory or taxing authorities, recording offices or any governmental entity which have a reasonably known interest in the relief requested in the Sale Motion; (v) all creditors and parties-in-interest on the most current master service list, including all entities who have filed a notice of appearance and request for service of papers in this bankruptcy case; and (vi) CVS Corporation and its counsel.

2.    Within three (3) days after entry of this Order, the Trustee shall provide a notice of the auction and bid procedures and a copy of this Order on http://www.Inforuptcy.com and http://www.marketassetsforsale.com.

3.    At any time, any party other than the Trustee, including but not limited to Jay Cohen ("Cohen") and Matthew Dilick ("Dilick"), alleged equity holders of the Debtor, may in their discretion provide a copy of this order and a notice of the auction, in the form of Exhibit A attached to this Order, to any person they wish. Further, at any time, any party other than the Trustee, including but not limited to Cohen or Dilick, may advertise the auction with a copy of this order and the notice of auction, in the form of Exhibit A attached to this Order, in any medium they choose, whether electronic or print, so long as they pay the cost of such

advertisement.

4. Any party interested in becoming a Qualified Bidder or Alternative Qualified Bidder may request in writing from the Trustee any of the following documents, which the Trustee must provide within three (3) business days: (a) a copy of the proposed Real Estate Purchase and Sale Contract with L2 Partners LLC, (b) a copy of the lease with CVS Health Corporation, and any addenda, amendments, or assignments ancillary thereto, (c) a copy of the Credit Tenant Lease Prepayment Schedule with CVS Health Corporation, (d) a copy of the April 20, 2017, letter from Rohde Ottmers Siegel to Ronald J. Sommers regarding the finder's fee, (e) a copy of the deed of trust between Flat Stone, Ltd and the beneficial lender, (f) any environmental assessment reports specific to the property, (g) any existing title insurance or commitment for title insurance, and (h) any existing survey of the property and most recent title policies covering the property.

5. To become a Qualified Bidder, a potential bidder must, on or before five days prior to the auction of the Property, (i) deposit with the Trustee the sum of $150,000.00 (the "Buyer's Deposit"); (ii) submit to the Trustee an unqualified and binding cash bid of at least $8,405,000.00 along with an executed written agreement substantially in the form of the sale contract with L2 Partners LLC ("Qualified Bids"); and (iii) provide financial and other information to the Trustee that allows the Trustee to make a reasonable determination as to such bidder's ability to consummate a sale as contemplated herein. L2 Partners LLC is deemed to be a Qualified Bidder.

6. Cohen, Dilick, or any other party, may submit alternative bids to the Trustee for purchase of the Property pursuant to the procedures set forth below ("Alternative Qualified Bidder"). To become an Alternative Qualified Bidder, a potential bidder must, on or before five days prior to the auction of the property, (i) deposit with the Trustee the sum of $150,000.00; (ii) submit to the Trustee an unqualified and binding cash bid of at least $2,213,600.00 along with an executed written agreement substantially in the form of the Sale Contract as determined by the Trustee ("Alternative Qualified Bids"); (iii) provide financial and other information to the Trustee that allows the Trustee to make a reasonable determination as to such bidder's ability to consummate a sale as contemplated herein, including proof of showing an ability to pay or otherwise fund the cash portion of the bid; (iv) agree in writing to pay any fees associated with the assumption of the indebtedness with the secured creditor; (v) provide written consent from the secured lender that it agrees to the assumption of the indebtedness by that person or entity, and that the secured creditor agrees to release the Debtor from any indebtedness.

7. The deadline for parties to submit to the Trustee the material necessary to become a Qualified Bidder or Alternative Qualified Bidder and participate at the auction is June 30, 2017, at 5:00 O'Clock p.m.. Bid materials must be submitted to the Trustee by email at rsommers@nathansommers.com, by facsimile at 713-892-4800, or by mail/delivery/messenger at 2800 Post Oak Blvd., 61st Floor, Houston, Texas 77056.

8. The Trustee shall file with the Court and serve on counsel for CVS, Geoffrey Goodman, notice of any proposed cure amounts by 5:00 p.m. (Central time), June 23, 2017. Such parties shall also be furnished with copies of all bids by Qualified Bidders or Alternative Qualified Bidders.

9. On or before 5:00 p.m. Central Time on the date that is five days prior to the auction, the Trustee shall file a notice with the Court identifying all Qualified Bidders and Alternative Qualified Bidders and attaching copies of all bids that were timely received. If no other Qualified Bidders or Alternative Qualified Bidders are identified by the bid deadline other than L2 Partners LLC, the Trustee shall file a notice with the Court: (a) identifying L2 as the Highest and Best Bid, and (b) informing parties-in-interest that no auction will be held and that the Trustee will request that the Court approve the sale of the Property to L2 Partners LLC.

10. The auction for the Property will be conducted by the Trustee on July 10 2017, at 11:00 a.m. in Courtroom 403, 515 Rusk Avenue, 4th Floor, Houston, Texas 77002. This Court will preside over the auction conducted by the Trustee. All potential bidders, or their authorized representatives, must be physically present. The initial overbid for Qualified Bidders shall be $8,400,000.00 (which reflects an initial bid of $8,405,000 by L2, less the $105,443.04 finder's fee to which Trustee has agreed regarding L2's initial bid, plus an increment of $100,443.04). Additional bids shall be in increments of Fifty Thousand Dollars ($50,000). The next bid for L2 Partners, LLC, however, would be $8,560,000.00, reflecting the 1.25% finder's fee to which Trustee has agreed, with bid increments of

$50,000.00. The initial overbid for Alternative Qualified Bidders would be $2,213,600.00, with bid increments of $50,000. After the auction, the Trustee will announce the highest and best bid ("Highest and Best Bid"), and the next highest and best bid ("Back-Up Bid").

11. Within two (2) business days after the conclusion of the auction described above, the Trustee shall return by check the full amount of the deposit submitted by each party other than the party determined as either the Highest and Best Bid or the Back-Up Bid. If the sale of the Property is consummated with the party submitting the Highest and Best Bid, the Buyer's Deposit of the party that was declared the Back-Up Bid shall be returned by check transfer within two (2) business days after the closing of the sale to the party submitting the Highest and Best Bid.

12. Upon conclusion of the auction, the Trustee may file a motion to seek approval by the Court of the Highest and Best Bid received at the auction. A hearing to consider the Trustee's Motion Pursuant to Sections 105, 363, and 365 of the Bankruptcy Code and Rules 2002, 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure, for Entry of an Order Approving the Sale of Real Property Free and Clear of Liens, Claims, Interests and Encumbrances; Approving the Assumption and Assignment of the CVS Lease, Request for Related Relief (the "Sale Motion") and, if filed, the Trustee's motion to seek approval of the Highest and Best Bidder shall be conducted on July 17, 2017, at 11:00 a.m., in Courtroom 403, 515 Rusk Avenue, 4th Floor, Houston, Texas 77002 (the "Sale Hearing").

12. If the Court approves a sale at the Sale Hearing and for any reason that party fails to timely consummate the purchase, the Trustee may seek approval of the Court to consummate a sale based on the Back-Up Bid or any other alternative purchase offer. The Back-Up Bid and the obligation of the party submitting such bid or offer to consummate the purchase of the Property shall remain open and in full force until the close of a sale of the Property to the party approved at the Sale Hearing.

13. If a sale transaction between the Trustee and L2 Partners LLC is not consummated based on a decision by the Trustee to accept an alternative transaction, and if L2 Partners LLC is not otherwise in default or breach under its Sale Contract, then the Trustee shall pay to L2 Partners LLC the break-up fee provided for in its Sale Contract.

14. The break-up fee shall be the out of pocket expenses incurred by L2 Partners LLC relating to the Sale Contract, not to exceed $25,000. The break-up fee shall be payable solely from the proceeds of any alternative transaction. For the avoidance of doubt, in the event L2 Partners LLC's bid is selected as the Back-Up Bid after the auction, and if the Highest and Best Bid fails to close resulting in L2 Partners LLC ultimately acquiring the Property, no break-up fee shall be due and payable to L2 Partners LLC.

15. This order does not constitute or act as a waiver of any party's right to object to any proposed sale of the Property at the Sale Hearing.

16. The time periods provided for under Fed. R. Bankr. P. 6004(h) and 8002(a)(1) shall apply to this Order and to any Order approving a sale, if any sale is

approved.

17. Any party may seek a stay pending appeal under Fed. R. Bankr. P. 8007 of any Order approving a sale, if any sale is approved.

SIGNED this 14th day of June, 2017.

HONORABLE KAREN K. BROWN
UNITED STATES BANKRUPTCY JUDGE