

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
10/10/2017

| | § | |
|---|---|---|
| IN RE | § | |
| | § | |
| ALABAMA & DUNLAVY, LTD., ET AL., | § | CASE NO. 14-36527-H5-7 |
| | § | |
| Debtors, | § | (Jointly Administered) |
| | § | |

## MEMORANDUM OPINION

Before the Court are "Matthew G. Dilick's Expedited Motion for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(1)(A)" (Docket No. 211); "Trustee's Expedited Motion to Dismiss Bankruptcy Cases" (Docket No. 220); the "Application for Trustee's Compensation and Expenses" (Docket No. 240); and the "Emergency Motion of Jay Cohen, Individually and as Trustee of the JHC Trust I and JHC Trust II for Order Directing Payment of Estate Funds into Registry of the District Court" (Docket No. 241). The parties have agreed to dismissal of these cases, in light of the withdrawal of most of the claims against the estates. Dilick seeks allowance of awards against Trustee under the Texas Uniform Fraudulent Transfers Act (TUFTA) and for discovery sanctions as an administrative expense. Cohen seeks a deposit of the estate's money into the Registry of the District Court, where litigation remains pending.

After a hearing, the Court determines that the awards to Dilick are not administrative expenses of these Chapter 7 cases under Section 503(b). The Chapter 7 Trustee shall file an amended application recalculating his commission based on this Court's ruling on the 503(b)

P:\alabama.20171010.wpd

issue. The Court anticipates dismissing these cases pursuant to the parties' agreement after final resolution of the Trustee's fee. This Court denies Cohen's motion without prejudice to seeking relief from the District Court.

I. Background

Alabama & Dunlavy, Ltd., Flat Stone, Ltd., and Flat Stone II, Ltd. filed Chapter 7 petitions on November 26, 2014. On the petition date, Flat Stone, Ltd. owned (and leased to a CVS drugstore) commercial real property located on Yale Street in the Houston Heights neighborhood. (the "Yale Property"). (Docket No. 1, Case No. 14-36529-H5-7). Flat Stone II, Ltd. owned commercial real property located in north Houston. (Docket No. 1, Case No. 14-36528-H5-7). The cases are jointly administered.

During 2010, several years before the Debtors filed their bankruptcy petitions, Jay H. Cohen and two trusts sued Matthew Dilick and ten other entities including Debtors in state court. Cohen asserted that Dilick fraudulently pledged several pieces of real property Cohen contributed to the partnership defendants as collateral for loans ultimately used for Dilick's personal benefit. (Dilick Exhibit 14). Regions Bank removed the state court suit to this Court. This Court realigned the parties, with Ronald Sommers, the Chapter 7 Trustee, as Plaintiff. The District Court has withdrawn the reference, and the suit remains pending. (Adv. No. 15-3071, C.A. No. 4:16-cv-283).

In 2014, Connie Dilick[1] filed a petition for divorce from Matthew Dilick in County Court at Law No. 1 of Galveston County, Texas. On April 10, 2015, Trustee filed a petition in

---

[1]Other than this reference, all other references to Dilick in this opinion indicate Matthew Dilick.

P:\alabama.20171010.wpd                 2

intervention in the divorce court, asserting that Dilick abused his control over Debtors to divert funds from Debtors to himself. (Dilick Exhibit 4).

On April 6, 2017, Trustee filed a nonsuit of his claims in the divorce proceeding. (Dilick Exhibit 10). Dilick requested an award of attorney fees under the Texas Uniform Fraudulent Transfer Act ("TUFTA"). By order entered on July 14, 2017, the state court determined that "it would be equitable and just to award attorneys' fees to the Respondent pursuant to Tex. Bus. & Comm. Code Sec. 24.013," and awarded Dilick judgment for $97,774 against Trustee. (Exhibit A, Docket No. 211). Trustee has filed a motion for new trial in the state court. (Trustee Exhibit 15). Prior to the TUFTA judgment, the state court awarded Dilick $1,050 against Trustee in fees relating to a discovery motion. (Exhibit B, Docket No. 211).[2]

On June 23, 2015, Trustee sought authority to sell Flat Stone II's real property. After Cohen and Dilick withdrew objections, the Court authorized the sale. (Docket No. 45). The Flat Stone II, Ltd. estate has received $1,347,624.72. (Docket No. 220).

## II. Settlement Regarding the Yale Property

On April 24, 2017, Trustee sought approval of bid procedures to sell the Yale Property. (Docket No. 140). Trustee also sought authority to sell the property, and to assume and assign the CVS lease. (Docket No. 141). On June 19, 2017, the Court approved bid procedures calling for an auction to take place if there were multiple qualified bids. The Court set a hearing for July 17, 2017 for approval of the sale. (Docket No. 186).

On July 5, 2017, the Trustee identified L2 Partners, LLC's bid as the highest offer for the Yale Property. He stated that he received no other qualifying bids. (Docket No. 198).

---

[2]Trustee's motion for new trial does not address the $1,050 award.

At the hearing on July 17, 2017, the parties announced the terms of a settlement. (Docket No. 242). The terms were incorporated into an agreed order. The order provides:

> It is ORDERED, that L2 shall have an allowed administrative claim in the aggregate of $100,000 in the Bankruptcy Estate of Flat Stone, Ltd. (the "L2 Claim") and the Bankruptcy Estate of Flat Stone, Ltd. shall have no further liability to L2; and it is further:
>
> ORDERED, that Fidelity National Title shall, within two (2) business days following the entry of this Order, return to L2 the $150,000 earnest money deposit made by L2 to Fidelity National Title pursuant to the Real Estate Purchase and Sale Contract; and it is further:
>
> ORDERED, that Ronald J. Sommers, Chapter 7 Trustee for the Bankruptcy Estate of Flat Stone, Ltd., shall have an allowed administrative claim in the aggregate of $50,000 payable by the Bankruptcy Estate of Flat Stone, Ltd. (the "Trustee Claim"), as 100% of his allowable compensation in the Chapter 7 case of Flat Stone, Ltd. under §§ 326(a), 330(a)(7), and 331 of the Bankruptcy Code with regard to the CVS Property; and it is further:
>
> ORDERED, that Rohde Ottmers Siegel Realty shall have an allowed administrative claim in the aggregate of $25,000 in the Bankruptcy Estate of Flat Stone, Ltd. (the "ROSR Claim") in full payment, release, and satisfaction of the finder's fee letter attached to the Sale Motion; and it is further:
>
> ORDERED, that within two (2) business days of entry of this Order, the Trustee shall make an immediate pro-rata distribution of $500,000 from funds in his trust account for the Bankruptcy Estate of Flat Stone II, Ltd. to the holders of the following allowed non-administrative unsecured claims against the Bankruptcy Estate of Flat Stone II, Ltd.: (1) the Bankruptcy Estate of Flat Stone, Ltd., (2) the Bankruptcy Estate of Alabama & Dunlavy, Ltd., (3) and the Internal Revenue Service, provided, however, that the Trustee is authorized to pay the claim of the Internal Revenue Service in full; and it is further:
>
> ORDERED, that professionals employed by the Bankruptcy Estates of Alabama & Dunlavy, Ltd., Flat Stone II, Ltd., and Flat Stone, Ltd. shall file their final fee applications for work performed in that Estate without further delay, and the Court will rule on any application on an expedited basis; and it is further:
>
> ORDERED, that within two (2) business days following the Trustee's receipt of the interim distribution for the Bankruptcy Estate of Flat Stone, Ltd., the Trustee shall pay the L2 Claim in full to L2; and it is further:
>
> ORDERED, that upon L2's receipt of payment of the L2 Claim, the Sale Motion shall be

deemed withdrawn with prejudice. In the event the payments contemplated by this Order are not made in accordance with the terms of this Order, all parties rights are expressly reserved and preserved; and it is further

ORDERED, that the Bankruptcy Court shall retain jurisdiction to resolve any dispute arising from or related to the interpretation or enforcement of this Order, even after dismissal of this case subject to a motion to reopen.

(Docket No. 208).

### III. Dilick's TUFTA Judgment Is Not An Administrative Expense of the Estate

Dilick seeks a determination that both his judgment against Trustee under TUFTA and the award of discovery sanctions are administrative expenses of the bankruptcy estate.

The court in any proceeding under TUFTA "may award costs and reasonable attorney's fees as are equitable and just." Tex. Bus. & Comm. Code § 24.013.

Section 503(b)(1)(A) allows administrative expenses, including "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). In *Reading Co. v. Brown*, 391 U.S. 471, 99 S.Ct. 1759, 20 L.Ed.2d 751 (1968), the Supreme Court held that damages arising from negligence by a receiver acting within the scope of his authority were administrative expenses of the receivership estate. The Fifth Circuit has determined that the rule in *Reading* survived amendments to the Code, and extended that rule to include the activities of bankruptcy trustees. *Matter of Al Copeland Enterprises, Inc.*, 991 F.2d 233 (5th Cir. 1993). In *Copeland*, the Court held that the state's claim for postpetition interest on the bankruptcy estate's taxes is an administrative expense. The Court reasoned that the Trustee has the obligation to operate the property of the estate in accordance with state law under 28 U.S.C. § 959, and that the state incurred damages when the Trustee chose not to carry out the estate's statutory obligations. The Fifth Circuit reached the same result regarding plugging and abandonment costs in *Matter of*

*H.L.S. Energy Co.*, 151 F.3d 434 (5th Cir. 1998).

In *Copeland*, the Fifth Circuit noted that *Reading* has been interpreted broadly by some courts, including according administrative expense priority to awards of attorney fees and costs resulting from frivolous litigation pursued by trustees. 991 F.2d, at 239. The Fifth Circuit subsequently held that attorney fees awarded pursuant to a prepetition contract were not administrative expenses of the bankruptcy estate. *In re Jack/Wade Drilling, Inc.*, 258 F.3d 385 (5th Cir. 2001).

In *Jack/Wade*, the Trustee brought suit against TMC on a contract. The Court awarded contractual attorney fees to TMC as the prevailing party. TMC sought a determination that the fees were administrative expenses. The Court in *Jack/Wade* started from *Reading's* presumption that all the creditors were equally innocent victims, and applied the two factors the Supreme Court identified to distinguish the fire victim in *Reading* from the typical unsecured creditor injured postpetition: 1) the wrongful nature of the receiver's act, and 2) that the act was committed in the course of operating the debtor's business so as to improve the position of the existing creditors. The Court found that the Trustee in *Jack/Wade* "acted neither wrongfully nor in the course of operating the business of the debtor so as to improve the position of the general creditors. He intended only to liquidate an existing claim on which he believed in good faith the Jack/Wade estate was entitled to recover." 258 F.3d, at 390.

The Trustee's claims asserted in Dilick's divorce proceeding are similar to the claims the trustee brought against TMC in *Jack/Wade*. The state court did not find a wrongful act on Trustee's part. The state court awarded fees that were "equitable and just" under TUFTA. The Trustee in this case filed suit to protect an interest in property which he believed in good faith the

estate was entitled to recover.  The award of attorney's fees is not an administrative expense of the bankruptcy estates.

    IV. <u>Trustee's Commission Requires Recalculation and the Cases Remain Open</u>

    Trustee has previously disbursed $729,708.10 from the Flat Stone II, Ltd. bankruptcy estate.  (Trustee's Exhibit 24).  Trustee filed a proposed distribution calling for the additional disbursement of $617,916.62 from the Flat Stone II, Ltd. bankruptcy estate, including $37,591.33 either to Dilick or to an escrow reflecting the pending administrative expense dispute.  This Court's ruling on the administrative expense issue requires a recalculation of Trustee's proposed disbursement, and may require a change in Trustee's allowable commission.  The Court will retain these cases pending submission of an amended application for compensation.

    Cohen urges that this Court direct the deposit of the funds in the bankruptcy estates to the Registry of the Court for distribution in the lawsuit between Cohen and Dilick.  The motion is premature, because the cases remain open at this time.  Cohen will have adequate remedies before the District Court in the event of dismissal of these cases.  This Court declines to order the requested deposit.

    Signed at Houston, Texas on October 10, 2017.

                     _____
                      KAREN K. BROWN
                      UNITED STATES BANKRUPTCY JUDGE